UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDITH GIBSON,

    Plaintiff,

v.

Case Number 11-12920-BC
Honorable Thomas L. Ludington

PROFESSIONAL ACCOUNT MANAGEMENT,

    Defendant.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO VACATE DEFAULT

This case presents the question of what showing is necessary to set aside an entry of default in federal court. The case began on July 6, 2011, when Plaintiff Edith Gibson filed a complaint against Defendant Professional Account Management in this Court, alleging violations of the Fair Credit Reporting Act and Fair Debt Collection Practices Act. ECF No. 1. Specifically, Plaintiff alleged that Defendant, a furnisher of information to consumer credit bureaus, had misreported to two credit rating agencies that Plaintiff was delinquent on an $80 debt incurred as a result of a parking ticket — a ticket that Plaintiff maintains she paid. Also on July 6, 2011, Plaintiff's attorney served a copy of the complaint and summons on Defendant's registered agent. *See* ECF No. 3.

Twenty-one days passed. Defendant did not respond to the complaint. More days passed. On August 16, 2011, Plaintiff requested entry of default against Defendant. ECF No. 4. That day, the clerk entered the default. ECF No. 5. One week later, on August 23, Plaintiff's attorney served notice of the entry of default on Defendant's registered agent. *See* Pl.'s Am. Answer to Def.'s Mot. Ex. 3, at 2, ECF No. 9 ("Pl.'s Br."). On October 4, 2011, Plaintiff wrote

to Defendant asking that the debt be removed from her credit report. *Id*. Ex. 4. Again, Defendant did not respond.

On November 2, 2011, Defendant filed the motion to vacate the default now before the Court. ECF No. 6. Acknowledging that its "registered agent was served with the complaint and summons on July 6," Defendant explains "the registered agent forwarded the complaint to [an] employee who no longer was employed with [Defendant], and it did not get to the proper individuals at [Defendant]." Def.'s Br. Supp. Mot. to Vacate 1, ECF No. 6 ("Def.'s Br."). For the following reasons, Defendant's motion will be granted and the default will be vacated.

## I.

"The court may set aside an entry of default for good cause," Federal Rule of Civil Procedure 55(c) provides. Although "Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default," the discretion to refuse to vacate a default has been sharply limited in the Sixth Circuit by "a strong preference for trials on the merits." *Shepard Claims Serv., Inc. v. William Darah & Assoc*., 796 F.2d 190, 193 (6th Cir. 1986). Accordingly, three factors "determine the outcome of such a motion: [1.] Whether the plaintiff will be prejudiced; [2.] Whether the defendant has a meritorious defense; and [3.] Whether culpable conduct of the defendant led to the default." *Id.* at 192 (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). "All three factors must be considered in ruling on a motion to set aside entry of default," the Sixth Circuit instructs, while also cautioning that "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Id.* at 194.

In this case, Plaintiff concedes that she will not be prejudiced by vacating the default; she argues, however, that Defendant lacks a meritorious defense and acted recklessly.  *See* Pl.'s Am. Answer to Def.'s Mot. 3–6, ECF No. 9 ("Pl.'s Br.").  Each argument is addressed in turn.

### A.

Consistent with the "strong preference for trials on the merits in federal courts," establishing a "meritorious defense" is not a particularly onerous burden for a defendant. *Shepard Claims Serv.*, 796 F.2d at 193; *but cf.* Martin H. Redish, *Summary Judgment And The Vanishing Trial: Implications Of The Litigation Matrix*, 57 Stan. L. Rev. 1329 (2005); Ashby Jones, *Why Have Federal Civil Jury Trials Basically Disappeared?*, Wall St. J. L. Blog (Sept. 21, 2010, 10:35 AM), http://blogs.wsj.com/law/2010/09/21/why-have-federal-civil-jury-trials-basically-disappeared (noting that "[i]n 1962, 11.5% of federal civil cases went to trial, compared with 6.1% in 1982, 1.8% in 2002 and 1.2% in 2009").

A defendant need not establish a "likelihood of success" on the merits to establish a "meritorious defense." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir. 1987).  Rather, "A defense is sufficient if it contains even a hint of a suggestion which, proven at trial, would constitute a complete defense." *Smith v. Comm'r of Internal Revenue*, 926 F.2d 1470, 1480 (6th Cir. 1991) (internal alteration omitted) (quoting *INVST*, 815 F.2d at 399).

In this case, Defendant asserts that it has meritorious defenses to Plaintiff's claims under both the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA). First, Defendant contends that it has a defense to the FDCPA claim because municipal parking tickets are not covered "debts" under the FDCPA.  Def.'s Br. 4.  Second, Defendant argues it has a defense to the FCRA claim because the parking ticket that Plaintiff claims that she paid is not the same ticket that Defendant reported to the credit bureaus: "[Defendant] furnished the bureaus

with information regarding a different ticket Plaintiff received in Detroit." *Id*. Defendant's arguments are persuasive.

First, Defendant is correct that "a hint of a suggestion" to Plaintiff's FDCPA claim exists. This consumer protection act does not broadly apply to all debts; rather, it applies only to specific types of debts — those arising out of "consensual transactions." *See, e.g., DIRECTV, Inc. v. Cavanaugh*, 321 F. Supp. 825, 837 (E.D. Mich. 2003) (citing *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997)); *see generally* Wayne Hill, Annotation, *What Constitutes "Debt" for Purposes of Fair Debt Collection Practices Act*, 159 A.L.R. Fed. 121 (2000). As defined by the FDCPA: "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). And "consumer transaction" implies consent — thus, "the FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." *DIRECTV*, 321 F. Supp. at 837 (quoting *Bass*, 111 F.3d at 1326). A parking ticket (even one which the vehicle owner settles with the municipality for less than the standard fine) does not rest comfortably within this definition of "consensual transaction." *See Graham v. ACS State and Local Solutions, Inc.*, No. 06-2708, 2006 WL 2911780, at *2 (D. Minn. Oct. 10, 2006) (holding that a debt arising from unpaid parking tickets is not covered by the FDCPA because it is not "a consensual consumer transaction"). Accordingly, Defendant is correct that it has a "meritorious defense" to Plaintiff's FDCPA claim.

Second, Defendant is likewise correct that "a hint of a suggestion" to Plaintiff's FCRA claim exists. "The FCRA, 15 U.S.C. § 1681 *et seq*., originally enacted in 1968, is designed to

protect consumers from inaccurate information in consumer reports." *Nelski v. TransUnion, LLC*, 86 F. App'x 840, 843–44 (6th Cir. 2004). The act imposes different obligations on three types of entities: "(1) consumer reporting agencies: (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies." *Id*. (citing *Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 500 (W.D. Tenn. 1999)). Here, Defendant is the third type of entity — a furnisher. To hold a furnisher liable under the FCRA,

> a plaintiff must prove: (1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury.

*Nelski*, 86 F. App'x at 844 (citing *Morris v. Credit Bureau of Cincinnati, Inc.*, 563 F. Supp. 962, 967 (S.D. Ohio 1983)). Thus, "a showing of inaccuracy is an essential element of a claim." *Id*.

Here, Defendant raises a question of fact as to whether it reported inaccurate information. Defendant explains that it "does not dispute that Plaintiff paid the ticket for violation number ending in 5404, as identified in Plaintiff's complaint. However, [Defendant] did not furnish any information to the credit bureaus on this debt. Rather, [Defendant] furnished the bureaus with information regarding a different ticket Plaintiff received in Detroit." Def.'s Br. 4. If true, Defendant may not have reported inaccurate information. Accordingly, Defendant is correct that it has a "meritorious defense" to Plaintiff's FCRA claim.

**B.**

The standard for evaluating "culpable conduct" is similarly weighted, perhaps surprisingly, in favor of vacating a default. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for

the effect of its conduct on those proceedings."[1] *Shepard Claims Serv., Inc. v. William Darah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). Consequently, "mere negligence or failure to act reasonably is not enough to sustain a default." *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010). And, crucially, "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard Claims Serv.*, 796 F.2d at 194.

In this case, Plaintiff does not allege that Defendant's lack of timely response to the complaint was willful; rather, Plaintiff argues that "this Court should rule that its error was reckless." Pl.'s Br. 4. Recklessness, however, is insufficient to uphold the default when the defendant has established the first two factors, as in this case. As noted above, Plaintiff concedes she will not suffer prejudice if the default is set aside. And, as discussed above, Defendant has established the existence of meritorious defenses. Thus, Defendant is entitled to have the default vacated.

## II.

Accordingly, it is **ORDERED** that Defendant's motion to vacate the default (ECF No. 6) is **GRANTED**.

It is further **ORDERED** that the default entered against Defendant (ECF No. 5) is **VACATED**.

---

[1] In *Southern Electrical Health Fund v. Bedrock Services*, 146 F. App'x 772 (6th Cir. 2005), for example, the trial court concluded the defendant acted recklessly when he ignored the judicial proceedings for eight months despite being "served with a complaint, a motion for entry of default, the entry of default, the motion for temporary injunction, the grant of the temporary injunction, and the motion for a show cause hearing." *Id*. at 777. Affirming, the Sixth Circuit wrote: "Appellant's culpable conduct led to the default entry, appellant does not have a meritorious defense, and appellees would be prejudiced if the entry of default was set aside." *Id.* at 778.

It is further **ORDERED** that Defendant's motion for extension of time to file a reply to the motion to vacate the default (ECF No. 10) is **DENIED** as moot.

It is further **ORDERED** that the hearing scheduled for Thursday, December 8, 2011, at 2:00 p.m. is cancelled because the parties' papers provide the necessary factual and legal information to decide the motion.  *See* E.D. Mich. L.R. 7.1(f)(2).

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: December 1, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 1, 2011.

s/Tracy A. Jacobs<br>TRACY A. JACOBS

---