UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDITH L. GIBSON,

    *Plaintiff*,

v.

PROFESSIONAL ACCOUNT
MANAGEMENT, LLC,

    *Defendants*.
                                      /

CASE NO. 11-CV-12920

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S MOTION TO STRIKE
(Docs. 34, 39)

### I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgment (Doc. 34) be **GRANTED** and that Defendant's Motion to Strike (Doc. 39) be **DENIED.**

### II.  REPORT

#### A.  Introduction

Plaintiff's three-count complaint alleges that Defendant Professional Account Management, LLC ("PAM"), violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 (Counts I and II), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a (Count III). Count I asserts a negligent violation of the FCRA, Count II avers a wilful violation of the FCRA, and Count III alleges a FDCPA violation. Count III has been dismissed by stipulated order filed May 9, 2012. (Doc. 24.) The case was referred to the undersigned magistrate judge for general case

management on December 5, 2011. (Doc. 12.) Having considered the above-entitled motion, the briefs submitted by the parties (Docs. 34, 36, 38, 42, 43), and oral argument held on October 10, 2012, the motion for summary judgment is ready for resolution. In addition, Defendant's motion to strike an affidavit filed by Plaintiff Edith Gibson is also ready for resolution, as Plaintiff responded to the motion on October 26, 2012. (Doc. 43.)

### B. Factual Background

PAM performs collection services for the City of Detroit, Michigan, including unpaid parking tickets. Plaintiff received three parking tickets, two in 2006 and one in 2010. The tickets received in 2006 have been paid. Therefore, only the 2010 ticket is relevant to this cause of action.

On September 23, 2010, the City of Detroit issued Plaintiff a parking ticket which she did not immediately pay. (Doc. 34, Exs. A, I , K.) The City of Detroit placed the account for collection with PAM and PAM issued the infraction an account number ending in 5553 ("Plaintiff's account"). (*Id.* at Ex. A.) There was no reporting on Plaintiff's account until March 27, 2011. (*Id.* at Ex. A; Ex. D at 139; Ex. J.)

On April 23, 2011, PAM received an eOSCAR[1] dispute for Plaintiff's account number. (*Id.* at Ex. D.) Sonya Scruggs ("Ms. Scruggs"), an account manager for Defendant, testified at her deposition that she checked PAM's records and found Plaintiff's name, address, date of parking ticket, client name (City of Detroit) and amount owed on the ticket ($80). (*Id.*, Ex. D at 34, 141; Ex. K.) Ms. Scruggs stated that she then validated the credit information in the City of Detroit's database, which showed the same ticket number and location where the ticket was issued as well as that Plaintiff was the registered owner of the car to which the ticket was issued; she also

---

[1]The eOSCAR system is "a system which permits the credit reporting bureaus and data furnishers to exchange information electronically." *Jones v. Experian Info. Solutions, Inc.*, No. 1:11-cv-826, 2012 WL 2905089, at *2 (W.D. Va. July 16, 2012).

2

confirmed the VIN and Plaintiff's Michigan drivers license number. (Doc. 34 at Exs. I, K, M; Ex. C at 17-18.) Ms. Scruggs responded to the eOscar dispute the same date, i.e. April 23, 2011, and reported that although the consumer disputed the ticket, the information was accurate. (*Id.*, Ex. D at 97-98, 106.)

In June 2011, Plaintiff wrote to PAM and PAM responded on June 22, 2011, that the debt had been verified. (*Id.* at Exs. K, N.) Plaintiff filed the instant lawsuit on July 6, 2011. On October 4, 2011, Plaintiff served PAM via certified letter with a request to reinvestigate and remove the inaccurate information it had on Plaintiff's account number. (*Id.* at Ex. O.) Plaintiff wrote "I do not owe and does not belong to me" on the correspondence and enclosed copies of her credit report, a utility bill, her identification and notice indicating she defaulted on her debt. (*Id.*) Plaintiff now indicates that she "had no knowledge of any parking ticket for a vehicle she does not own or drove in a part of Detroit she has never been to." (Doc. 36 at 5.) On October 18, 2011, PAM again validated the account. (Doc. 34, Ex. D at 33, 105; Ex. K.) PAM did not report the debt as disputed by the consumer because PAM stated that it believed the account's status was unchanged since it responded on April 23, 2011, via the eOSCAR system that the information was accurate. (*Id.*, Ex. D at 29, 97-98, 105.)

On November 23, 2011, PAM received an eOSCAR dispute[2] and Ms. Scruggs investigated and marked it as disputed in the eOSCAR system. (*Id.*, Ex. D at 104.)

On May 1, 2012, Ms. Scruggs requested deletion of Plaintiff's account because of the instant litigation. (Doc. 34, Ex. D at 123.)

---

[2]Plaintiff notes that Defendant incorrectly states that eOSCAR disputes came from Plaintiff since eOSCAR is generated only between credit reporting agencies and their furnishers and does not allow consumers to participate. (Doc. 36 at 4-5.)

Plaintiff contends that PAM negligently violated the FCRA when it failed to conduct a reasonable investigation with respect to the disputed information, to report the results of that investigation to the credit reporting agency ("CRA") and to place a notation on the trade line that Plaintiff disputed the debt. (Doc. 1 ¶ 26.) Plaintiff alleges that PAM wilfully violated the FCRA by placing "specific information that was inaccurate on her credit report" by placing and maintaining a negative trade line after having been notified of a dispute investigation. (*Id.* ¶¶ 2, 28-31.) Plaintiff's alleged damages are that she was deemed unqualified for a home buying program through Oakland or Livingston County Human Services. (Doc. 34, Ex. C at 29-34.)

The parties agreed at oral argument that Defendant is a furnisher as defined under the FCRA.

C. **Summary Judgment Standards**

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

4

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**D.     Discussion**

The purpose of the FCRA is to require that "consumer reporting agencies [such as Defendants] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such

information." 15 U.S.C. § 1681(b). The Sixth Circuit has recently held that consumers may file actions pursuant to §§ 1681n and 1681o of the FCRA, claiming that furnishers of information have violated § 1681s-2. *Boggio v. USAA Federal Savings Bank*, ___ F.3d ___, 2012 WL 4478797, at *3 (6th Cir. 2012). Section 1681s-2 requires a furnisher to "conduct an investigation with respect to the disputed information." Our circuit also "join[ed] every circuit to have addressed this duty in holding that the investigation an information furnisher undertakes must be a reasonable one." *Id*. at *4. The Sixth Circuit then considered cases discussing how thorough an investigation must be to be considered reasonable.

The *Boggio* court cited *Johnson v. MBNA Am. Bank*, 357 F.3d 426, 429-31 (4th Cir. 2004), which held that "electronically confirming only a name and address – as opposed to 'consult[ing] underlying documents, such as account applications' – was unreasonable when the furnisher had received information from the CRA explaining that its consumer was disputing her status as a co-obligor on her husband's debt." *Boggio* at *4. The Sixth Circuit contrasted *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1159-61 (9th Cir. 2009), where summary judgment was properly granted in favor of the furnisher because, "'unlike in *Johnson*, [the furnisher] had – albeit earlier – gone outside its own records to investigate the allegations contained in the CRA notice.'" *Boggio* at *4.

In the instant case, Defendant has proffered the deposition testimony of Ms. Scruggs to show that it conducted a reasonable investigation. Ms. Scruggs testified that she checked PAM's records and found Plaintiff's name, address, date of parking ticket, client name (City of Detroit) and amount owed on the ticket ($80). (Doc. 34, Ex. D at 34, 141; Ex. K.) Ms. Scruggs also testified that she went beyond PAM's internal records by validating the credit information in the City of Detroit's database, which showed the same ticket number, the same location where the ticket was

6

issued, that Plaintiff was the registered owner of the car to which the ticket was issued, and also confirmed the VIN and Plaintiff's Michigan drivers license number. (*Id.*, Exs. I, K, M and Ex. C at 17-18.) Ms. Scruggs responded to the eOscar dispute the same date, April 23, 2011, and reported that although the consumer disputed the ticket, the information was accurate. (*Id.*, Ex. D at 97-98, 106.)

After this date, Plaintiff sent several letters to Defendant, continuing to dispute the ticket. (Doc. 34 at Exs. K, N.) Plaintiff contends that her persistent claims that the ticket was invalid (via letters to PAM) should have triggered a more in-depth investigation by Defendant. (Doc. 34 at Exs. K, N, O.) On October 18, 2011, PAM again validated the account. (*Id.*, Ex. D at 33, 105; Ex. K.) PAM did not report the debt as disputed by the consumer because PAM stated that it believed the account's status was unchanged since it responded on April 23, 2011, via the eOSCAR system, that the information was accurate. (*Id.*, Ex. D at 29, 97-98, 105.)

I suggest that under the guidance provided by the Sixth Circuit, Defendant has proffered evidence showing that it conducted a reasonable investigation that uncovered information beyond its own records which corresponded with the City of Detroit records in detail, i.e., the ticket number, location, registered owner, VIN, and Plaintiff's Michigan drivers license number. (Doc. 34, Exs. I, K, M; Ex. C at 17-18.)

Plaintiff points to several inconsistencies in Ms. Scruggs' sworn testimony. (Doc. 36 at 5-12.) At oral argument, Plaintiff confirmed that the foundation for her assertion that a genuine issue of fact exists rests upon Plaintiff's contention that Ms. Scruggs is not credible. Since Ms. Scruggs' testimony is not reliable, Plaintiff further argued that she does not believe that any investigation occurred, let alone a reasonable one. Plaintiff contended that the facts don't add up and that Ms. Scruggs probably lied to make it appear that she was doing her job properly when she was not.

Unfortunately for Plaintiff, disputing Ms. Scruggs' credibility alone, without offering any evidence to contradict her sworn testimony, is insufficient to withstand summary judgment. *See Stewart v. Wilkinson*, No. 2:03-cv-0687, 2009 WL 1322307, at *2 (S.D. Ohio May 8, 2009) ("bare attack on the declarant's credibility" is insufficient to withstand summary judgment) (citing *Chemical Bank v. Hartford Accident & Indemnity Co.*, 82 F.R.D. 376, 378 (S.D.N.Y. 1979) ("It is settled that a naked attack upon the affidavits of a moving party is, without more, insufficient to place the credibility of the affiant in issue.")); *Rose Marine Transp., Inc. v. Kaiser Aluminum & Chemical Corp.*, 758 F. Supp. 1218, 1221 (N.D. Ill. 1990) (motion for summary judgment cannot be defeated by assertion that movant's affiant lacked credibility). Plaintiff must and has not come forward with "significant probative evidence[.]" *Moore, supra.*

Accordingly, I suggest that Plaintiff is unable to withstand Defendant's properly supported motion and that summary judgment in favor of Defendant should be granted.

### E.     Motion to Strike Plaintiff's Affidavit (Doc. 39)

Defendant contends that the affidavit attached to Plaintiff's responsive brief should be stricken because it "attempts to introduce new facts never disclosed in discovery" in a "failed effort to create a material question of fact to defeat PAM's Motion." (Doc. 39 at 1.) Defendant further argues that, through the affidavit, Plaintiff "seeks to expand or change" previous information obtained during oral and written discovery that the affidavit is "based on a false statement PAM did not timely disclose a 'Request Report' in discovery[,]" that the affidavit "contains conclusions which should be disregarded for summary judgment purposes" and that the affidavit "contains testimony that she gave at her deposition and is thus redundant." (Doc. 39 at 1-2.) During oral argument, Defendant argued that Plaintiff's assertion that she never owned the vehicle that was ticketed was recently contrived in her affidavit in response to the motion for summary judgment.

8

Defendant argued that Plaintiff never mentioned this significant fact during her deposition or at any time before it.

Plaintiff responds that the affidavit is proper and that even if the information in the affidavit is redundant and could be disregarded, it should not be stricken. (Doc. 43 at 1-2.) Plaintiff also contends that Defendant does not point to any court rule that allows an affidavit, which is not a pleading, to be stricken and that this issue has been waived because Defendant did not raise any objection to the affidavit attached to Plaintiff's response to the motion for summary judgment in Defendant's reply brief. (*Id*. at 2-3.)

Defendant's legal foundation for this motion is unclear. To the extent that Defendant relies on Rule 12(f) of the Federal Rules of Civil Procedure, Defendant makes a common mistake.

> Under Fed. R. Civ. P. 12(f), a court may strike only material that is contained in the pleadings. Fed. R. Civ. P. 7(a) defines pleadings as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served." Exhibits attached to a dispositive motion are not "pleadings" within the meaning of Fed. R. Civ. P. 7(a) and are therefore not subject to a motion to strike under 12(f).

*Fox v. Michigan State Police Dept.*, 173 F. App'x 372, 375 (6th Cir. 2006). Instead, Defendant should have filed a notice of objection to the affidavit. *Id.; Sutton v. U.S. Small Bus. Admin.*, 92 F. App'x 112, 118 (6th Cir. 2003) (finding "much support for this construction,' but holding that the court "need not resolve this dispute because plaintiffs suffered no prejudice from the district court's refusal to strike the affidavit under Rule 12(f)"); *Cross v. Sbarro America, Inc.,* No. 1:09-cv-275, 2011 WL 572415, at *3-4 (E.D. Tenn. Feb. 15, 2011) ("Motions to Strike are only proper as a means to strike pleadings . . . [and] [t]he preferred method to challenge exhibits is by filing a notice of objection."); *Kean v. VanDyken*, No. 4:05-cv-64, 2006 WL 3256854, at *2 (W.D. Mich.

Nov. 9, 2006) ("Plaintiff's exhibits are not pleadings.") I therefore suggest that Defendant's motion to strike is inappropriate and should be denied.[3]

I suggest that Defendant's motion should be denied for an additional reason. Where a party fails to raise an issue in its responsive brief and instead raises an issue for the first time at oral argument, courts have found that such an argument is waived. *See Maher v. Int'l Paper Co.*, 600 F. Supp. 2d 940, 948-49 (W.D. Mich. 2009) (citing *Roberts v. Principi*, 283 F. App'x 325, 332 n.3 (6th Cir. 2008); *Lane v. LaFollette, Tenn.*, 490 F.3d 410, 420 (6th Cir. 2007). In the instant case, Defendant did not argue that Plaintiff's affidavit conflicted with her deposition testimony regarding ownership of the ticketed vehicle until oral argument. Defendant did not mention that particular issue in its reply to Plaintiff's response to the motion for summary judgment. (Doc. 38.)[4] Thus, Defendant's argument was waived. I therefore conclude that Defendant's motion to strike should be denied for this reason as well.

### F.     Conclusion

For the reasons stated above, I recommend that Defendant's motion to strike (Doc. 39) be denied and that Defendant's motion for summary judgment (Doc. 34) be granted.

## III.     REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific

---

[3] I note that although Defendant indicates that Plaintiff's affidavit sets forth false statements and that it is offered for some improper purpose, Defendant did not ask for the imposition of sanctions for a "bad faith" affidavit under Fed. R. Civ. P. 56(g). *See Sutton v. U.S. Small Business Admin.*, 92 F. App'x 112, 118 (6th Cir. 2003).

[4] I note that since Plaintiff's response was docketed as a reply (Doc. 36), Defendant's reply is docketed as a sur-reply. (Doc. 38.)

10

written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this report and recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

|  |  |
|---|---|
| Dated: November 15, 2012 | s/ Charles E. Binder<br>CHARLES E. BINDER<br>United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

|  |  |
|---|---|
| Date: November 15, 2012 | By  s/Patricia T. Morris<br>Law Clerk to Magistrate Judge Binder |